UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JESS MESSER, | CIVIL ACTION NO. 6:20-35-KKC |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| JACKSON COUNTY, KENTUCKY, et al., | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Jackson County, Kentucky ("Jackson County") and Brian Gabbard's motion to dismiss (DE 3), Plaintiff Jess Messer's motion for leave to file a late response (DE 4), and Messer's motion to file an amended complaint (DE 5). For the reasons stated below, Jackson County and Gabbard's motion to dismiss (DE 3) is **DENIED AS MOOT**, Messer's motion for leave to file a late response (DE 4) is **DENIED AS MOOT**, and Messer's motion to file an amended complaint (DE 5) is **GRANTED** to the extent stated herein.

On January 21, 2020, Plaintiff, Jess Messer, filed a Complaint in Jackson Circuit Court asserting that on January 21, 2019, while incarcerated at the Jackson County Detention Center, he was violently and negligently assaulted by Roscoe Henson, another inmate. (DE 1-1 at 2.) Messer brought suit against Roscoe Henson, County Jailer Brian Gabbard in his individual and official capacity, and Jackson County, Kentucky. (DE 1-1 at 1.) Messer does not lay out specific causes of action in his Complaint. Instead he asserts that "Defendant jailer, his agents, representatives; and/or employees, breached their duty of care to the prisoner by violating the Plaintiff's herein-referenced constitutional, statutory, and

1

clearly established rights and these violations were the cause-in-fact and legal cause of the Plaintiffs injury." (DE 1-1 at 2.)

Based on the reference to Messer's constitutional rights, Jackson County and Gabbard removed the case to this Court. (DE 1.) Jackson County and Gabbard state that they were served the Complaint. (DE 1 at 1-2.) However, based on the record before the Court, it appears that Roscoe Henson has not been served.

Jackson County and Gabbard filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which seeks to dismiss the Complaint with prejudice. (DE 3, DE 3-5.) In the motion to dismiss, they first assert that the action is barred by the applicable one-year statute of limitations because the altercation with Henson actually occurred on June 22, 2018. In support of this assertion, they attach an affidavit by Gabbard and a copy of an offender incident report showing that the incident between Messer and Henson occurred on June 22, 2018. (DE 3-2.) The affidavit also states that Messer was involved in a different altercation on January 21, 2019, but that altercation involved Michael Campbell, not Henson. (DE 3-2 at 1.) Second, these defendants assert that Jackson County and Jackson County Detention Center[1] are immune from suit under sovereign immunity. (DE 3 at 2-4.) Finally, these defendants assert that Messer's claims against Gabbard in his official capacity should be dismissed because they are the equivalent of claims against the County, which is entitled to sovereign immunity. (DE 3 at 4-5.)

Messer did not timely respond to the motion to dismiss. The case was submitted for consideration, and five days later, Messer filed a motion for leave to file a late response. (DE 4.) In the motion, Messer states that he "overlooked the Defendant's motion to dismiss and

---

[1] Jackson County Detention Center is not listed as a party to this action.

2

therefore did not file a response." (DE 4 at 1.) Messer attached his proposed response to the motion. (DE 4-1.)

In the proposed response, Messer first asserts that the action is not barred by the applicable statute of limitations. Messer asserts that the facts of the Complaint are accurate—he was assaulted at the Jackson County Detention Center on January 21, 2019. However, he contends that he merely misidentified Campbell as Henson—who are cousins—in the Complaint. Thus, Messer concludes that the action was brought within the statute of limitations. Messer next asserts that Jackson County, Jackson County Detention Center, and Gabbard in his official capacity are not entitled to sovereign immunity. Finally, he asserts that Gabbard is not entitled to qualified immunity. (DE 4-1 at 2-3.)

Contemporaneously with the motion for leave to file a late response, Messer also filed a motion for leave to file an amended complaint. (DE 5.) That motion simply states that the Complaint should be amended because "new information has been brought to light" through the motion to dismiss … [s]pecifically, [that] Michael Campbell was responsible for the attack on the Plaintiff." (DE 5 at 1.) Messer attached the proposed amended complaint, which removes Henson as a party, adds Campbell as a party, and substitutes Campbell's name for Henson's name in the body of the complaint. (DE 5-1.) The two complaints are otherwise identical.

Jackson County and Gabbard filed a response to the motion for leave to file a late response and the motion for leave to file an amended complaint. (DE 6.) In this filing, they argue that the Court should deny Messer's request to file a late response to the motion to dismiss. (DE 6 at 4-5.) Within this argument, they assert that the misidentification of Campbell does not toll the statute of limitations and the substitution of Campbell for Henson does not relate back. They also assert that the Complaint consists of conclusory allegations and "virtually no facts." (DE 6 at 5.) Next, these defendants argue that joinder of Campbell

would be futile because Messer is prohibited from bringing suit against Campbell due to the fact that the motion to amend the complaint was brought beyond the statute of limitations for the claims asserted. (DE 6 at 6.) Finally, they argue that Messer's proposed response and amendment do not change the fact that the Complaint fails to state a claim. (DE 6 at 7.) Within this argument, they assert that there are insufficient facts to support the claims alleged in the Complaint. (DE 6 at 7-9.) Elsewhere in this filing, these defendants state that they have "set out other grounds for dismissal based upon sovereign, official, and qualified immunity" in their motion to dismiss. (DE 6 at 3, n. 1.) They do not otherwise address Messer's assertion that they are not entitled to sovereign or qualified immunity.

This case is presented to the Court in an odd procedural posture. There is a motion to dismiss filed by Jackson County and Gabbard, in his official and individual capacities, which asks the Court to dismiss the Complaint with prejudice based on statute of limitations defenses and sovereign immunity. However, there are problems with the parties' arguments. First, the parties seek dismissal of the entire Complaint, but one of the parties—Henson—is not before the Court. Second, with respect to the statute of limitations argument, the parties move to dismiss under Fed. R. Civ. P. 12(b)(6), but they ask the Court to consider matters outside the pleadings. Under Fed. R. Civ. P. 12(d), on a motion under Rule 12(b)(6), the Court may not consider matters outside the pleadings. If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[,]" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Finally, with respect to the immunity arguments, these defendants do not address qualified immunity as it relates to Gabbard in his individual capacity. (*See* DE 3.)

Jackson County and Gabbard make additional arguments regarding their motion to dismiss in pleadings that are not responsive to that motion, such as the Complaint is based

4

on insufficient facts and Gabbard is entitled to qualified immunity. (*See* DE 6.) However, the Court cannot consider those arguments because they were not raised in the motion to dismiss. Thus, if the Court were to grant the motion to dismiss based on the arguments included therein, it would be left considering a Complaint asserting claims against Gabbard in his individual capacity and against Henson, an individual who clearly should not be a party to this action.

The question becomes whether the Court should permit amendment of the Complaint to name the correct person. Jackson County and Gabbard assert that amendment is futile based on the fact that the claims brought against Campbell are beyond the statute of limitations. (*See* DE 6.) Here, there is no dispute that a one-year statute of limitations applies to the claims brought, and the motion to amend the complaint was brought several months after the expiration of the limitations period. Thus, Messer may only amend the Complaint to add Campbell with the Court's leave if there is relation back. Under Fed. R. Civ. P. 15(c), a party may amend or substitute a party against whom a claim is asserted, if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading, and "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

It is simply not clear to the Court whether the amendment would relate back, and no party even directly mentions Fed. R. Civ. P. 15(c). Here, it is undisputed that Messer was in an altercation with another inmate on January 21, 2019 at the Jackson County Detention Center. It is also clear that the wrong individual was named in the original complaint.

5

Jackson County and Gabbard are not prejudiced by the amendment sought as they were on notice of the claims being brought and appear to be aware that the wrong individual was named in the Complaint. (*See* DE 3-2 at 1.)  Thus, for sake of clarity in the record and considering the odd posture of the case, the Court finds that the Complaint should be amended to name the appropriate party. Although the Court is granting leave to file the amended complaint, it makes no determination as to whether the amendment relates back. Thus, the Court would entertain future statute of limitations arguments as they relate to Campbell.

The Court also makes no finding as to whether the amended complaint is based on sufficient facts or whether Jackson County and Gabbard are entitled to sovereign, official, or qualified immunity. If the parties wish, they may reassert their motion to dismiss with respect to the amended complaint, and the Court will give full consideration to their arguments.

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) Jackson County and Gabbard's motion to dismiss (DE 3) is **DENIED AS MOOT**.

(2) Messer's motion for leave to file a late response (DE 4) is **DENIED AS MOOT**.

(3) Messer's motion for leave to file an amended complaint is **GRANTED** to the extent stated herein.

(4) The Clerk of Court **SHALL FILE** the tendered amended complaint (DE 5-1) in the record.

Dated September 09, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY