# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

| | |
|---|---|
| JESS MESSER, | CIVIL ACTION NO. 6:20-35-KKC |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| JACKSON COUNTY KENTUCKY, *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendants Jackson County, Kentucky and Brian Gabbard's motion to dismiss Plaintiff Jess Messer's Amended Complaint for failure to state a claim. For the reasons stated below, Defendants' motion to dismiss (DE 10) is **GRANTED**.

## I. Background

Plaintiff Jess Messer ("Messer") alleges that he was assaulted by Roscoe Henson, on January 21, 2019, when both men were inmates at the Jackson County Detention Center ("the Detention Center"). (DE 1-1). Messer filed suit in the Jackson Circuit Court on January 21, 2020 against Henson, the Detention Center, and Jailer Brian Gabbard in both his individual and official capacities. Although Messer's complaint was vague, he asserted violations of his constitutional rights, and the matter was removed to this Court by the Detention Center and Brian Gabbard (the "Jackson County Defendants"), who then filed a motion to dismiss for failure to state a claim. (DE 1; DE 3). While the motion to dismiss was pending, Messer sought permission to amend his complaint by adding an indispensable party

1

(DE 6). This Court granted Messer's motion to amend and denied the motion to dismiss without prejudice, with leave to refile (DE 8).

Messer's Amended Complaint was entered on September 9, 2020, but the alleged indispensable party was never served a copy of the complaint and a summons. On September 23, 2020 the Jackson County Defendants renewed their Motion to Dismiss on grounds that Messer's Amended Complaint fails to state a claim upon which relief can be granted (DE 10).

## II. <u>Analysis</u>

### A. *Standard of Review*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, at the same time, Courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574, U.S. 10, 12 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x

730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low."). Still, however, a complaint is subject to dismissal under Rule 12(b)(6) if it fails to plead facts that plausibly state a claim for relief. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

B. *Discussion*

1. Brian Gabbard

Gabbard was a jailer at the Detention Center. He is named in the Complaint in both his individual and official capacities because he was present during the alleged altercation between Messer and Michael Campbell. In the Motion to Dismiss, Defendants contend that Messer's complaint "speaks only of generalities" (DE 10 at 6), failing to include any reference to Gabbard's actions during the incident in question. Defendants propose that the standard of review for claims against government officials must be higher than the "sheer possibility" of an unlawful act. (*Id.* at 2); *see generally Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). The alleged "claims must implicate clearly established constitutional rights." *Mitchell v. Forsynth*, 472 U.S. 511, 528 (1985). The complaint fails to do just that.

In order to comply with Rule 12's pleading standard, a plaintiff must include factual allegations against the defendant in violation of a particular Constitutional right or of actions constituting negligence giving rise to liability. The Amended Complaint states neither. Messer states no facts supporting the allegation that Gabbard's actions (or lack thereof) in his individual or official capacities caused or contributed to his injuries. According to 42 U.S.C. § 1983, a plaintiff must allege and demonstrate by particular facts that "the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Messer's Amended Complaint fails to state a specific right violated by Gabbard or any factual information about Gabbard's actions at the time of the incident. The Amended

Complaint merely restates Messer's initial assertion that his rights were violated due to the Gabbard's failure to keep him from harm.

Generally, Plaintiff alleges that Gabbard knew of a previous altercation between himself and one of Campbell's cousins. Plaintiff asserts that Gabbard's alleged knowledge of such dispute should have caused Gabbard to exercise increased vigilance in protecting Messer from assaults by Henson. Here, however, Plaintiff gives no factual basis of this account. This dooms Plaintiff's claims against Gabbard in both his official and individual capacities.

  2. <u>Jackson County</u>

Section 1983 provides that liability is found only when a municipality is the cause of the alleged violation. Defendants argue that in order to raise such a claim, the Plaintiff would need to meet four requirements and prove: 1) the existence of illegal official policy or legislative enactment; 2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; and 4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 507 (6th Cir. 1996)).

The Amended Complaint makes no specific reference to any statutory violation. In his response to the motion to dismiss, Messer alleges that if the defendant's action is the "moving force" behind the injury, there is liability under § 1983. (DE 11 at 3). Plaintiff, however, asserts no circumstances, and no actions (nor inactions) that served as the alleged moving force.

Plaintiff further fails to allege a *Monell* claim against Jackson County, naming an existing policy, custom, or lack thereof that allegedly caused injury to the plaintiff. *Monell v. Dept. of Social Services*, 436 US 658, 694-95 (1978). Plaintiff solely bases his claim on the

county's congenital duty to protect its inmates from unwarranted harm. But, Plaintiff does not allege that a specific deviation occurred as part of its alleged failure to abide by the general duty of care. In sum, the Amended Complaint fails to account for any factual allegations. The Court agrees that dismissal is proper as to this defendant also.

3. Michael Campbell

The record reflects that this defendant was never served with summons and a complaint. Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). The Sixth Circuit has emphasized the mandatory nature of the dismissal language in Rule 4(m). *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *see also* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1053 (3d ed.) (describing dismissal "as a method of sanctioning a plaintiff's failure to make service on the defendant within 120 days after filing the complaint with the court").

Here, because Defendant Campbell has *never* been served, nor is there any indication that Plaintiff attempted to initiate service, the Court finds that dismissal is warranted in the interests of justice and judicial economy. The Court will therefore dismiss the claims against Defendant Campbell without prejudice.

III. **Conclusion**

Pleading deficiencies doom Plaintiff's claims. The allegations made against Brian Gabbard in both his individual and official capacities, and Jackson County fail to reference facts or any evidence regarding their actions, or alleged inaction. Therefore, under Rule 12(b)(6), Plaintiff's Complaint must be DISMISSED.

5

For the reasons stated above, the Court hereby ORDERS that Defendants' motion to dismiss (DE 10) is GRANTED. All claims against the Defendants are DISMISSED. A judgment will enter contemporaneously with this Opinion.

Dated June 08, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY